Horan v. Experian, et al.          CV-97-536-M    01/29/98

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Constance C. Horan,
     Plaintiff

     v.                                    Civil No. 97-536-M

Experian Information Solutions, Inc.
f/k/a TRW Consumer Credit Services, Inc.;
and Tandy Corporation, Inc.,
d/b/a Radio Shack,
     Defendants


                           **O R D E R**


     Defendant Tandy Corporation moves to dismiss the plaintiff's
entire complaint on grounds that the asserted causes of action
are barred by New Hampshire's statute of limitations (N.H. Rev.
Stat. Ann. ("R.S.A.") Ch. 508:4).  Count I of the complaint
asserts a claim under federal law — the Fair Credit Reporting
Act, 15 U.S.C. § 1681 et seq. — and that claim, at least, is
governed not by New Hampshire's limitations statute but by the
provisions of 15 U.S.C. § 1681p.  Therefore Tandy's motion is
denied as ill-founded as to Count I.

     Plaintiff concedes in her objection that the Fair Credit
Reporting Act preempts the field and precludes the assertion of
common law causes of action, related to the reporting of credit
information, against "any consumer reporting agency, any user of
information, or any person who furnishes information to a
consumer reporting agency . . . except as to false information
furnished with malice or willful intent to injure such consumer."
15 U.S.C. § 1681h(e).

Count IV of the complaint asserts an ordinary common law negligence claim, which would be entirely inconsistent with the preclusive effect of § 1681h(e) (there is no assertion of malice or willful intent to injure). Accordingly, Count IV is dismissed on motion of defendant Tandy.

As for Count III, alleging defamation against Tandy, plaintiff does assert, albeit in a conclusory fashion, that defendant Tandy acted "with malice or willful intent to injure the plaintiff," so that common law claim remains viable under Section 1681(h). Complaint, ¶ 55. Defendant has not had an opportunity to address plaintiff's argument that each subsequent publication amounts to a distinct actionable defamation (presumably a willful and malicious one as well). Rather than invite a reply brief, however, the court will at this juncture simply deny the motion as to Count III as well, with leave to refile a supported dispositive motion if defendant believes it would have merit.

**CONCLUSION**

Defendant Tandy's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (document no. 4) is granted as to Count III but is otherwise denied, without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 29, 1998

cc:  Paul J. Haley, Esq.
     Brian T. Tucker, Esq.